UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LUCAS RODDY (#458846)

VERSUS                                              CIVIL ACTION

BURL CAIN, ET AL                                    NUMBER 11-730-JJB-DLD

**TRANSFER ORDER**

Petitioner, Lucas Roddy, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 2002 state court conviction and sentence on charges of second degree murder.

A review of this court's records showed that petitioner has filed a prior petition for writ of habeas corpus related to this same conviction and sentence: *Lucas J. Roddy v. Burl Cain*, CV 10-800-RET-CN (M.D. La.), currently on appeal before the 5th Cir., no. 11-30728.

The petition presently before the court is considered to be a successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a successive claim under that section, the petitioner must establish one of the following exceptions:

> 1) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or
>
> 2) (I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Before the petition can be considered on the merits by this court, the petitioner must obtain authorization to file this successive petition from the United States Court of Appeals for the Fifth Circuit by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this court is without jurisdiction to proceed. Accordingly,

IT IS ORDERED that the petition be construed in part as a motion for authorization for the district court to consider the successive claims raised herein.

IT IS FURTHER ORDERED that the petition be and hereby is transferred to the United States Court of Appeals for the Fifth Circuit under the authority of 28 U.S.C. § 1631 for that court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this district

court.  *See, In re: Tony Epps*, 127 F.3d 364 (5th Cir. 1997).

Baton Rouge, Louisiana, <u>February 10, 2012</u>.

                                              _____
                                              JAMES J. BRADY, JUDGE
                                              MIDDLE DISTRICT OF LOUISIANA